[746 NYS2d 179]

In the Matter of Lawrence Kalkstein, an Attorney, Respondent. Grievance Committee for the Ninth Judicial District, Petitioner.

Second Department, August 12, 2002

APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Matthew Renert* of counsel), for petitioner.

OPINION OF THE COURT

Per Curiam.

On December 12, 2001, the respondent pleaded guilty in the County Court, Westchester County, before the Honorable Peter

M. Leavitt, to grand larceny in the second degree (two counts), in violation of Penal Law § 155.40 (1), a class C felony; grand larceny in the third degree (six counts), in violation of Penal Law § 155.35, a class D felony; and attempted grand larceny in the third degree, in violation of Penal Law §§ 110.00, 155.35, a class E felony. The respondent specifically admitted, with respect to the grand larceny in the second degree charges, that between October 22, 1998, and December 29, 1999, he stole approximately $468,996.68 from the Village of Tuckahoe by stealing the proceeds of three cashier's checks belonging to the Village. Under count two, he admitted stealing approximately $220,285 from the County of Westchester by taking the proceeds of four tax refund checks.

With respect to the six charges of grand larceny in the third degree, the respondent admitted that between August 7, 1998, and April 17, 2000, he stole the proceeds of six New York State and federal tax refund checks, ranging from $4,063 to $20,154. With respect to charge seven, the respondent admitted committing the crime of grand larceny in the third degree in that between June 2, 1998, and January 31, 1999, he stole the proceeds of two federal tax refund checks in the amounts of $3,059 and $165.

The respondent was sentenced on March 20, 2002, to concurrent terms of probation of five years, together with restitution.

Having been convicted of nine separate offenses classified as felonies in New York State, the respondent is automatically disbarred pursuant to Judiciary Law § 90 (4) (a).

Accordingly, the petitioner's motion is granted. The respondent is disbarred, and, effective immediately, his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and SMITH, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Lawrence Kalkstein, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Lawrence Kalkstein, is commanded to desist and refrain from (1) practicing law in any form, either as principal

or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.